E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03990-S2**
7/20/2022 1:57 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**QUR'AN SHAKIR ABDUL-KHAALIQ**

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER: 22-C-03990-S2 _____

VS.

**OFFICE DEPOT, INC.**

**c/o CT Corporation**

**289 Culver St., Lawrenceville, GA 30046**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Christopher T. Conway
1862 Independence Square, Suite E
Dunwoody, GA 30338

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **20th** day of **July**, 20**22**.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

EXHIBIT A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03990-S2**
7/20/2022 11:18 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| QUR'AN SHAKIR ABDUL-KHAALIQ,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>22-C-03990-S2<br>NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW QUR'AN SHAKIR ABDUL-KHAALIQ, Plaintiff in the above-styled civil action, and files her Complaint against Defendant OFFICE DEPOT, INC., as follows:

1.

Plaintiff Qur'an Shakir Abdul-Khaaliq is a citizen of the State of Georgia.

2.

Defendant OFFICE DEPOT, INC. is a corporation organized and existing the laws of the State of Delaware, it is authorized to transact business in Georgia, it transacts business in Georgia, and is subject to the jurisdiction of this Court. Defendant may be served through its registered agent for service of process CT Corporation, 289 Culver Street, Lawrenceville, Georgia 30046. Pursuant to O.C.G.A. § 14-2-510(b), venue is proper as to Defendant and this Court has jurisdiction over Defendant.

3.

Jurisdiction and venue are proper in this County and Court.

EXHIBIT A

## STATEMENT OF FACTS

4.

On July 28, 2020, Defendant conducted business at 1395 Highway 85 North, Fayetteville, Georgia, 30214.

5.

In the late afternoon/early evening of July 28, 2020, Plaintiff went to Defendant's store located at 1395 Highway 85 North, Fayetteville, Georgia, 30214.

6.

Plaintiff went to Defendant's store in other to make copies in the copy center.

7.

After making copies, Plaintiff turned to leave the print area. She had to walk behind the people in line and near the wall. Suddenly and without notice, she tripped and fell hard towards the floor. As she fell, her head hit a table/desk, which rolled away, and her knees hit hard on the floor.

8.

After she fell, Plaintiff realized that she tripped and fell over a metal bar that was sticking out of the wall.

9.

There was nothing blocking the bar and Plaintiff had no notice that the bar was sticking out from the wall.

EXHIBIT A

10.

Despite exercising reasonable care for her own safety, Plaintiff did not see the bar prior to tripping over it.

11.

There were no cones, barriers, signs, or any kind of warnings at any place near where Plaintiff fell to warn or alert anyone of the hazardous bar.

12.

The bar was installed by Office Depot with the knowledge of Office Depot.

13.

The fall caused Ms. Shakir to sustain serious physical injuries including injuries to her head, face, teeth, and right knee.

## COUNT ONE – NEGLIGENCE

14.

Plaintiff realleges and incorporates by reference the paragraphs above as if they were fully restated verbatim herein.

15.

As a premises owner/occupier, Defendant owed a nondelegable duty to Plaintiff, an invitee, to exercise ordinary care to keep the premises safe and to alert or warn Plaintiff of hazardous conditions of which Defendant was or should have been aware.

16.

Defendant had superior knowledge of the hazard created by bar sticking out of the wall as Defendant created the hazard.

EXHIBIT A

17.

Prior to Plaintiff's fall, there were no cones, barriers, signs, or any kind of warnings at any place near the protruding bar where she fell to warn or alert individuals of the bar.

18.

Prior to Plaintiff's fall on July 28, 2020, Defendant actually knew, or in the exercise of reasonable care should have known, that the metal bar protruding from the wall posed a hazard of tripping to individuals like Plaintiff.

19.

Despite exercising reasonable care for her own safety, Plaintiff Shakir Abdul-Khaaliq did not know the metal bar was exposed until after she tripped and fell on July 28, 2020.

20.

Defendant violated the duties it owed to Plaintiff in the following particulars:

a. In creating a hazard by leaving the metal bar exposed;

b. In failing to warn Plaintiff that the metal bar was exposed;

c. In failing to warn Plaintiff that the exposed bar created a hazard;

d. In failing to place any cones, barriers, signs, or any kind of warnings at any place near where the metal bar was exposed and posed a hazard of tripping; and

e. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

21.

Defendant's violations of the aforementioned duties of care constitute negligence *per se*.

22.

As a direct, substantial and proximate result of the negligence of Defendant, Plaintiff

EXHIBIT A

sustained injuries, including, but not limited to, injuries to her head, face, teeth and knees.

23.

As a direct and proximate result of the breaches of duty by Defendant, Plaintiff suffered injuries and damages, including medical and other necessary expenses, lost income, and mental and physical pain and suffering. These injuries are permanent, and, in the future, Plaintiff will suffer medical and other necessary expenses, lost income, and mental and physical pain and suffering.

24.

As a direct and proximate result of the injuries Plaintiff suffered when she fell, she has incurred medical expenses in the amount of at least $26,237.67.

25.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays and demands as follows:

1. That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

2. That service be had upon Defendant as provided by law;

3. That Plaintiff be awarded general and special damages under Count One, in amounts to be proved at trial;

4. That Plaintiff have a trial by a jury as to all issues; and,

5. That Plaintiff have such other and further relief as the Court may deem just and proper.

EXHIBIT A

This 20th day of July, 2022.

        **CONWAY LAW, LLC**

        /s/ Christopher T. Conway
        **CHRISTOPHER T. CONWAY**
        Georgia Bar No. 823011
        *Attorney for Plaintiff*

1862 Independence Square
Suite E
Dunwoody, GA 30338
(404) 334-3311
chris@chrisconwaylaw.com

EXHIBIT A